UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO G.-B., | |
| Petitioner, | No. 1:26-cv-04255-TLN-JDP |
| | A # 243-073-294 |
| v. | |
| WARDEN, MESA VERDE DETENTION CENTER; et al., | **RELEASE ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Jose Alfredo G.-B.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). Respondents did not file a response, despite being ordered to do so. (ECF No. 5.) Pursuant to Local Rule 230(c), Respondents' failure to timely respond is construed as a non-opposition. L.R. 230(c). For the reasons set forth below, Petitioner's Habeas Petition is GRANTED. (ECF No. 1.) Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

///

///

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND[2]**

Petitioner is an asylum-seeker who entered the United States without inspection. (ECF No. 1 at 3–4.) The date of Petitioner's arrival is unclear, but he has been present in the United States since at least 2024.[3] (*Id.* at 4.) In that time, Petitioner provided for his family by working in construction and developed ties to his community. (*Id.*) Petitioner is currently in immigration proceedings and his application for asylum remains pending. (*Id.*)

On or about March 21, 2026, Petitioner was riding as a passenger in a car on his way to work in Provo, Utah. (*Id.*) Local authorities pulled the car over and asked for identification for everyone in the car. (*Id.*) Shortly thereafter, U.S. Immigration and Customs Enforcement arrived and detained Petitioner. (*Id.*) Petitioner was eventually transferred to the Mesa Verde Detention Center in Bakersfield, California, where he remains. (*Id.*)

Petitioner filed the instant Habeas Petition on June 3, 2026. (*Id.* at 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.* at 5–6.)

**II.    STANDARD OF LAW**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

---

[2]    These facts come from Petitioner's Habeas Petition and Motion for TRO. (ECF Nos. 1, 2.) As Respondents failed to submit a timely opposition, the Court considers these facts unopposed. *See* L.R. 230(c).

[3]    The Habeas Petition and Motion for TRO state that Petitioner entered the United States on or about September 23, 2026, and was transferred to the Mesa Verde Detention Center on or about March 25, 2028 – dates that have not yet occurred as of the date of this Order. (*See* ECF No. 1 at 3–4; ECF No. 2 at 4.) While these obvious typographical errors are not fatal to the Court's ultimate ruling, counsel for Petitioner is warned that mistakes of this kind are unacceptable and counsel must take steps to ensure future filings contain no errors, inadvertent or not.

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause. (ECF No. 1 at 5.) The Court considers each claim in turn.

#### A.    Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). The statute affords the government broad discretion whether to release or detain the individual. *Id.* It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Until the U.S. Department of Homeland Security changed its policy in July 2025, the government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

Petitioner claims he is detained pursuant to § 1226(a). (ECF No. 1 at 5.) Respondents do not contest this. The Court agrees with Petitioner and finds that, as a noncitizen currently in removal proceedings who was detained while residing in the United States, Petitioner's detention is governed by § 1226(a). There is no indication on the record that Petitioner was provided the procedural protection due under § 1226(a) before or after he was detained, such as a bond hearing. Petitioner's detention therefore violates the INA.

B.    Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

i.    *Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause.  Petitioner has lived in the United States for at least two years and in that time, developed ties to his community and worked to provide for his family.  Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

ii.    *Process Required*

To determine what process is necessary to ensure any deprivation of Petitioner's protected

liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondents do not dispute this, nor do Respondents argue Petitioner is indeed a danger to the public or a flight risk. Accordingly, the risk that Petitioner is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents set forth no legitimate interest in detaining Petitioner absent these processes.

5

Upon consideration of the *Mathews* factors, the Court finds due process required that Petitioner receive notice and a hearing before a neutral decisionmaker prior to detention. As the record indicates he received neither, Petitioner's detention violates the Fifth Amendment Due Process Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1.    Respondents must IMMEDIATELY RELEASE Petitioner Jose Alfredo G.-B. (A # 243-073-294) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

2.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3.    Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

4.    **The Clerk of Court is directed to serve Mesa Verde Detention Facility with a copy of this Order.**

5.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 16, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE